McIlvaine, J.
The principal objection urged against the judgment of reversal rendered by the district court is that the judgment of the court of common pleas was rendered by consent of the parties. We are aware of the general rule that a reviewing court will not reverse a judgment at the instance of a party who consented thereto, but think the record before us discloses a state of facts which form a proper exception to the rule. Whether the parties to a judgment consent or dissent, the judgment must nevertheless be regarded as the act and decision of the court, and, if the court be without authority in the premises, its judgment can not be sustained on the ground that consensus tollit errorem.
No one would contend that a judgment would be sustained on the ground of consent if the record showed that no cause of action existed against the party consenting; and we think it is equally fatal to a judgment under our practice, if no statement of the cause of action appear on the record. In ordinary practice the cause of action must be stated in the pleadings, and the judgment must be confined to the cause of action so stated. An exception to this practice is found in sections 377 and 378 of the civil code of 1853. These sections read as follows:
“ Sec. 377. Any person indebted, or against whom a cause of action exists, may personally appear, in a court of competent jurisdiction, and, with the assent of the creditor, or *112 person having such cause of action, confess judgment therefor; whereupon judgment shall be entered accordingly.
“ Sec. 878. The debt or cause of action shall be briefly stated in the judgment, or in a writing to be filed as pleadings in other actions.”
It will be observed that, in a proceeding under these sections, the cause of action must be stated on the record, either in the judgment or in a writing filed as pleadings. Rut we can not look to the judgment, or the paper filed as pleadings, for a statement of the cause of action, in the case now before us, for the reason that the proceeding does not come within the provisions of these sections, inasmuch as the record does not show that the parties consenting to the judgment personally appeared in open court. Their appearance in the action was effected by service of summons, and their consent to the judgment, as well by the alleged answer as by the written agreement, was previously given and filed in vacation.
IVe must therefore look to the pleadings for the statement of the cause of action, and the only cause of action therein stated is found in the petition, and is a balance of $3,315, with interest from March 19, 1872, claimed to be due upon a certain promissory note. The court of common pleas had no power or authority to render judgment upon any other or different cause of action. The judgment rendered being for $4,227.26, was largely in excess of the debt stated in the petition, and, to the extent of such excess, was erroneous and without authority. The consent of the parties to such excessive judgment was as ineffectual to confer authority upon the court to render it, as if there had been no cause of action stated in the pleadings. Notwithstanding the written consent on file, it was the duty of the court to look into its record and ascertain whether the cause was one in which a judgment could be properly Tendered, and to limit its judgment to and by the cause of action therein stated.
It is also contended that the excess in the amount of the *113 judgment, over the amount due on the note, was allowed in consideration of the plaintiff’s agreement to forbear execution ; and the defendants, having enjoyed the benefits of that agreement, should be estopped from denying its validity. In answer to this contention, it is enough to say that any agreement, by a debtor, to pay his creditor more than the legal rate of interest, for the use of the money and forbearance to collect, is usurious and void, and it is against the policy of the law to estop a party from showing usury in his unexecuted contracts.

Judgment affirmed.